**UNITED STATES of America, Appellee,**

v.

**Alfonso PILINCI, Defendant–Appellant,**

Edwin RIOS, Defendant.

No. 03–1770.

United States Court of Appeals,
Second Circuit.

Oct. 14, 2004.

Diarmuid White (Brendan White), White & White, New York, NY, for Appellant, of counsel.

Jeffrey A. Udell, Assistant United States Attorney (Karl Metzner, Assistant United States Attorney, David N. Kelley, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee, of counsel.

PRESENT: MINER, CABRANES and STRAUB, Circuit Judges.

## SUMMARY ORDER

Defendant Alfonso Pilinci appeals the judgment of the District Court on the grounds that (1) evidence adduced at trial by the Government against Pilinci was insufficient to support his conviction; (2) the District Court erred in admitting hearsay statements of an alleged co-conspirator beyond the purview of Fed.R.Evid. 801(d)(2)(E); [1] and (3) the District Court erred in denying Pilinci's two motions for a new trial pursuant to Fed.R.Crim.P. 33.

We have reviewed the record, considered Pilinci's arguments, and our *de novo* review [2] of Pilinci's insufficiency of the evidence claim compels us to conclude that he has failed to meet his "heavy burden," *United States v. Jackson,* 335 F.3d 170, 180 (2d Cir.2003) (quotation marks and citation omitted), of establishing that no rational trier of fact could find otherwise. *See United States v. Payton,* 159 F.3d 49, 55–56 (2d Cir.1998). To the contrary, we find ample evidence in the record that Pilinci was properly found by the jury to have conspired to commit robbery in violation of 18 U.S.C. § 1951.

We have reviewed Pilinci's argument that the statements of Florian Spahiu, as testified to by Edwin Rios at Pilinci's trial, were improperly admitted, and we hold that the District Court did not err, much less plainly err,[3] in admitting those statements. The record supports the conclusion that a conspiracy between, among others, Rios, Spahiu and Pilinci existed, and that the Spahiu statements were made

1. Pilinci further argues that, by permitting the hearsay co-conspirator testimony, and entering a judgment based upon a jury verdict in support of which there is insufficient evidence, the District Court denied him his rights under the Due Process and Confrontation Clauses of the Constitution. Because we hold that the District Court did not err in any of the ways identified by Pilinci, we need not consider the (unrealized) constitutional ramifications of those asserted errors.

2. We review a claim of insufficiency of evidence *de novo. See, e.g., United States v. Reyes,* 302 F.3d 48, 52–53 (2d Cir.2002).

3. Because the record indicates that Pilinci did not object to the Rios testimony—about Spahiu's statements—at the trial, we review this decision of the District Court for plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Diaz,* 176 F.3d 52, 83 (2d Cir.1999).

during the course of the conspiracy. *See generally* Fed.R.Evid. 801(d)(2)(E); *United States v. Padilla,* 203 F.3d 156, 161 (2d Cir.2000).

We further hold that Pilinci's argument that the District Court abused its discretion in denying his motions for a new trial pursuant to Fed.R.Crim.P. 33 is without merit.[4] We have reviewed the record, and we agree with the District Court that both the Spahiu recordings and the Hani interview information could have been discovered, at the latest, during trial with the exercise of due diligence, and that neither the Spahiu recordings nor the Hani interview information would have led to acquittal. *See generally United States v. Slutsky,* 514 F.2d 1222, 1225 (2d Cir.1975); *United States v. Gallego,* 191 F.3d 156, 161–62 (2d Cir.1999).

We have considered all of Appellant's arguments and hold that each is without merit. Accordingly, the judgment of the District Court is hereby AFFIRMED.

---

4. We review a district court's decision to deny a motion for a new trial pursuant to Rule 33 for abuse of discretion, *see United States v. Wong,* 78 F.3d 73, 78 (2d Cir.1996), and we review the factual findings in support of such a decision for clear error, *see United States v. Imran,* 964 F.2d 1313, 1318 (2d Cir.1992).

